UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D‌ESMOND R‌EGINALD R‌ODGERS,

    Movant,

    v.

U‌NITED S‌TATES OF A‌MERICA,

    Respondent.

_____/

Criminal Case No. 11-20481
Civil Case No. 13-13836

S‌ENIOR U‌NITED S‌TATES D‌ISTRICT
J‌UDGE A‌RTHUR J. T‌ARNOW

**O‌RDER D‌ENYING M‌OTION TO V‌ACATE, S‌ET A‌SIDE, OR C‌ORRECT S‌ENTENCE
[204]**

On March 21, 2012, Movant pleaded guilty to aiding and abetting a bank robbery, the use of a firearm during the bank robbery, and the robbery of a pharmacy. On September 6, 2012, the Court sentenced Movant to 200 months of imprisonment. Movant filed a Motion to Vacate, Set Aside, or Correct Sentence [204] on September 9, 2013. Movant filed supplements to the motion [222, 224] on June 23 and October 20, 2014. The government filed a Response [223] on July 7, 2014.

For the reasons stated below, Movant's Motion to Vacate, Set Aside, or Correct Sentence [204] is **DENIED**.

## FACTUAL BACKGROUND

In the spring of 2011, Movant served as a lookout and provided a getaway vehicle in the armed robberies of a bank and a pharmacy.  On September 13, 2011, a grand jury charged Movant with five counts arising from his role in aiding and abetting the robberies.  Count One charged Movant with conspiracy, in violation of 18 U.S.C. § 371.  Counts Two and Four charged Movant with robbery of the bank and pharmacy, in violation of 18 U.S.C. § 2113 and § 2118, respectively.  Counts Three and Five charged Movant with the use or carrying of a firearm during the robberies, in violation of 18 U.S.C. § 924(c).

Movant was arrested and appointed counsel on September 27, 2011.  He and the government entered into a stipulation on November 30, 2011, providing for excludable delay under the Speedy Trial Act from October 31, 2011 to March 21, 2012.  On February 15, 2012, Movant's counsel filed a Motion to Withdraw [80].  Two days later, Movant filed a Motion to Dismiss for Ineffective Assistance of Counsel [82].  The Court permitted Movant's counsel to withdraw on February 22, 2012, and Movant was appointed new counsel.

Movant and the government entered a Rule 11 plea agreement on March 21, 2012. At a plea hearing on the same date, the Court found Movant's pleas to be voluntary and supported by a sufficient factual basis. Pursuant to the agreement, the government agreed to dismiss Counts One (conspiracy) and Five (use or carrying of a firearm during the pharmacy robbery). In return, Movant pleaded guilty to aiding and abetting both robberies and the use or carrying of a firearm during the bank robbery (Counts Two, Three, and Four). The parties agreed that Movant qualified as a career offender under United States Sentencing Guidelines § 4B1.1, resulting in a sentencing guideline range of 262 to 327 months.

On July 25, 2012, Movant's second counsel made an oral motion to withdraw, and the Court held a hearing on the motion. Movant attributed the breakdown of the attorney-client relationship to his counsel's ineffective assistance. The Court permitted Movant's second counsel to withdraw, and Movant was appointed new counsel.

Movant filed a Sentencing Memorandum [123] on August 30, 2012, urging the Court to impose a sentence below the sentencing guideline range. Movant acknowledged that his criminal history included "two prior drug offenses and a crime of violence," qualifying Movant as a career offender, but argued that the resulting guideline range overrepresented the seriousness of his prior offenses.

Movant argued that his personal background and relatively minor role in the robberies further justified a downward departure. The Court held a sentencing hearing on September 6, 2012. The Court imposed a sentence well below the guideline range, sentencing Movant to a prison term of 200 months (consisting of a 116-month term on Counts Two and Four and a consecutive, statutorily mandated 84-month term on Count Three).

On September 9, 2013, Movant filed the instant Motion to Vacate, Set Aside, or Correct Sentence [204] pursuant to 28 U.S.C. § 2255. Movant filed a supplement, styled as a Motion for Leave to Supplement the Record [222], on June 23, 2014. The government filed a Response [223] to the motion and supplement on July 7, 2014. Movant filed an additional supplement, styled as a Motion for Argument to Amend 2255 Motion [224], on October 20, 2014.

## ANALYSIS

To succeed on a motion to vacate, set aside, or correct a sentence, a movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). Movant argues, primarily, that his convictions and sentence violated

his constitutional right to the effective assistance of counsel. He also argues that the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), retroactively rendered unconstitutional the Court's consideration of Movant's status as a career offender under the Sentencing Guidelines.

**I.     Ineffective Assistance of Counsel**

Movant alleges a violation of his constitutional right to counsel, "an error of constitutional magnitude." *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). This claim is exempted from the general rule barring a court from considering, on a motion to vacate sentence under 28 U.S.C.§ 2255, arguments not raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To establish ineffective assistance of counsel, Movant must show that his counsel rendered deficient performance and thereby prejudiced Movant's defense so as to render the outcome of the proceedings unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Movant identifies many alleged deficiencies in his counsel's performance. The Court will address them in turn.

**A.     Plea to Count Two**

Movant argues that his counsel rendered ineffective assistance by advising him to plead guilty to Count Two (bank robbery) without further investigating

5

whether the bank was insured by the Federal Deposit Insurance Corporation (FDIC).[1] To establish prejudice on this claim, Movant bears the burden of producing evidence that the bank was not FDIC-insured at the time of the robbery. *Bybee v. United States*, 66 Fed. Appx. 557, 560 (6th Cir. May 23, 2003) (unpublished) (holding that a movant failed to establish that he was prejudiced by his counsel's failure to investigate a bank's FDIC-insured status before counseling the movant to plead guilty to robbery of the bank, reasoning that the movant "ha[d] not shown that the bank was not FDIC-insured at the time of the robbery"). Movant has not even asserted that the bank was not FDIC-insured, let alone presented evidence in support of that claim. His argument therefore fails.

### B.    Plea to Count Three

Movant argues that his counsel rendered ineffective assistance by advising him to plead guilty to Count Three, which charged Plaintiff with aiding and abetting the use of a firearm during the bank robbery.[2] Movant suggests that his counsel should have recognized that the evidence did not meet the requirements for

---

[1] Movant acknowledges that his counsel received, in discovery, certificates from the bank and affidavits attesting to the bank's FDIC-insured status. However, Movant suggests that the certificates would be inadmissible at trial under the Confrontation Clause, and that his counsel should therefore have advised him that the government could not prove the bank's FDIC-insured status at trial.

[2] More accurately, Movant argues that he received ineffective assistance of counsel with respect to "the conviction under [18 U.S.C.] § 924(c)." Counts Three and Five both charged Movant with aiding and abetting violations of § 924(c), but Movant pleaded guilty only to Count Three.

an aiding-and-abetting conviction under 18 U.S.C. § 924(c), as clarified by the Supreme Court's subsequent decision in *Rosemond v. United States*, 134 S. Ct. 1240 (2014). In *Rosemond*, the Court held that a defendant may be convicted of aiding and abetting a § 924(c) violation only if he "knows beforehand of a confederate's design to carry a gun, [so] he can attempt to alter that plan or, if unsuccessful, withdraw from the enterprise." 134 S. Ct. at 1249. In other words, the Court held that such a conviction will not stand if the defendant "learns of a gun only after he can realistically walk away." *Id.* at 1251 n.10.

In his Rule 11 plea agreement, Movant represented that when he met with his co-defendants to plan the bank robbery in advance, "[i]t was evident to everyone present that firearms would be used to carry out the robbery." Movant thus admitted the advance knowledge required by *Rosemond*. Movant does not now assert that this admission was untrue. More importantly, he does not address the government's evidence of advance knowledge, and thus suggests no reason his counsel should have believed a jury likely to acquit Movant on Count Three (even if counsel understood the law as it was clarified in *Rosemond*). Movant has therefore given the Court no reason to doubt the strategic basis for his counsel's plea advice regarding Count Three.

### C. Plea to Count Four

Movant argues that his counsel rendered ineffective assistance by counseling him to plead guilty to Count Four (pharmacy robbery), rather than filing a motion to dismiss Count Four on the basis of insufficient evidence. Movant argues that he is "actually innocent" of Count Four because he withdrew his aid by driving away from the scene of the robbery before completing his role as a getaway driver. Movant points out that his third counsel (appointed after Movant had pleaded guilty) opined at the sentencing hearing that it was a "close call" whether Movant's actions constituted legal withdrawal.[3]

In his Rule 11 plea agreement, Movant represented that he and his co-defendants agreed to commit an armed robbery of the pharmacy and that Movant "was assigned to be a getaway driver utilizing his white pickup truck." At his plea hearing, Movant informed the Court that he drove his truck to the location and "attempted" to pick up one of his co-defendants—implying that rather than abandon his plan to serve as a getaway driver, Movant simply failed to successfully execute it. The probation department further described the factual

---

[3] In his first supplemental filing [222], Movant argues that his counsel's failure to move for dismissal of Count Four is particularly questionable in light of the Supreme Court's holding in *Rosemond*. As explained above, *Rosemond* held that a defendant may be convicted of aiding and abetting a violation of 18 U.S.C. § 924(c) only if he has advance knowledge of a confederate's plan to carry a gun. 134 S. Ct. at 1249. Count Four, however, did not charge a violation of § 924(c). The Court does not believe *Rosemond* is relevant.

basis for Movant's conviction on Count Four in its Presentence Investigation Report. According to the report, one of Movant's co-defendants, pursued by a witness, approached Movant's truck and attempted to throw a bag he was carrying into it. The bag missed Movant's truck, which had already begun moving, and Movant drove away. This account suggests that Movant did not abandon his plan to serve as a getaway driver, but merely failed to carry it out successfully because he feared capture when he saw his co-defendant being pursued.[4] Movant has not suggested any reason his counsel should have believed the government unable to prove these facts. Absent such a reason, his counsel exercised sound trial strategy by declining to argue that Movant's "withdrawal" compelled dismissal of Count Four.

### D. Stipulated Delay of Trial

Movant argues that his counsel rendered ineffective assistance by failing to move for dismissal of the charges against him under the Speedy Trial Act. Movant argues that the Act's seventy-day deadline expired in December 2011 and that there were fewer than twenty days of excludable delay, meaning he should have

---

[4] In fact, though Movant's third counsel asserted that the question of Movant's withdrawal was a "close call," she immediately thereafter stated, "But because he was being chased by someone I think that's probably why he pled [guilty]." In a subsequent letter that Movant forwarded to the Court, Movant's third counsel warned Movant that even if he could set aside his guilty plea, the government would likely secure a conviction at trial—and a higher sentence.

stood trial no later than January 2012. Because Movant was not tried before he pleaded guilty on March 21, 2012, Movant argues that his counsel should have moved for dismissal of the charges rather than advising him to plead guilty.

Movant's argument fails. Movant was indicted on September 27, 2011, and arraigned the next day, triggering a trial deadline under the Act in early December 2011. However, Movant entered into a stipulation [69] on November 30, 2011, providing that "the time period from October 31, 2011 to March 21, 2012 constitutes excludable delay under the Speedy Trial Act." Movant pleaded guilty on March 21, 2012—before the stipulated period of excludable delay had expired. Moreover, on February 22, 2012, when concurring in his initial counsel's motion to withdraw, Movant acknowledged that he understood obtaining new counsel would delay trial and that he waived any resulting speedy trial concerns. Simply put, Movant's counsel did not render deficient performance by failing to move for dismissal under the Speedy Trial Act because the Act was not violated.

Movant asserts that there were fewer than twenty days of *properly* excludable delay, perhaps suggesting that his initial counsel rendered deficient performance by stipulating to a longer period of excludable delay. But Movant has not explained why the stipulated findings of excludable delay were incorrect. Nor

has he suggested any reason why delaying trial was a poor strategic choice. Movant therefore fails to carry his burden of establishing deficient performance.

### E. Failure to Challenge Career Offender Enhancement

Movant argues that his counsel rendered ineffective assistance by conceding the applicability of the career offender provision of United States Sentencing Guidelines § 4B1.1. Movant argues that his counsel should have contested its applicability on the grounds that two of his prior convictions do not qualify as "crimes of violence." However, in his Sentencing Memorandum [123], Movant conceded that the career offender enhancement applied not only because he had a prior conviction for a "crime of violence," but also because he had been convicted of "two prior drug offenses" (specifically, selling and possessing cocaine). Movant's two prior felony convictions for "controlled substance offenses" sufficed to trigger the career offender provision. U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a) (2011) ("A defendant is a career offender if … the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."). Even if counsel rendered deficient performance by advising Movant to concede his prior "crime of violence" conviction, Movant could not have been prejudiced unless it was also inappropriate to concede his two prior felony

11

convictions for "controlled substance offenses." Movant raises no argument regarding the latter concession, and therefore cannot establish prejudice.

## II. Retroactive Unconstitutionality of the Career Offender Finding

Movant argues that a retroactively applicable intervening change in law has rendered unconstitutional the Court's (uncontested) finding that Movant qualified as a career offender under the Sentencing Guidelines. In *Alleyne*, the Supreme Court held that facts that increase the statutory minimum sentence for a conviction must be submitted to a jury to be proven beyond a reasonable doubt. 133 S. Ct. at 2155. Movant argues that under *Alleyne*, the Court's consideration of the guideline range set by the career offender enhancement violated his Sixth Amendment rights because his predicate convictions were not alleged in the indictment and proven beyond a reasonable doubt before a jury. The Sixth Circuit has squarely rejected this argument. *United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014) (holding that *Alleyne* does not apply to application of the career offender guidelines because the guidelines "merely advise a district court how to wield its discretion," and "*Alleyne* dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range"). The career offender finding could not be affected by the

holding in *Alleyne* because it did not increase a *mandatory* minimum sentence—in fact, the Court imposed a sentence well below the "minimum" sentence suggested by the career offender provision.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence [204] is **DENIED**.

**SO ORDERED**.

Dated: December 23, 2014

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge